IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE LEE HAVMMERI, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Case No. 3:22-cv-00594-E-BT |
| § | | |
| METHODIST HEALTH SYSTEMS, § | | |
| Defendant. § | | |

# **ORDER**

Before the Court is Plaintiff Willie Lee HavMmeri's Request for Mediation and Settlement (ECF No. 18) and Defendant Methodist Health Systems's (MHS) Motion for More Definite Statement pursuant to Federal Rules of Civil Procedure 12(e). (ECF No. 20). Neither party filed a response or objection. For the reasons outlined below, HavMmeri's Request is DENIED and MHS's Motion is GRANTED.

First, to the extent HavMmeri seeks an order requiring the parties to mediate their dispute or attend a settlement conference, his Request for Mediation and Settlement is premature. HavMmeri filed his Request before the United States Marshal effected service on MHS. *See* Return of Service (ECF No 19) (showing MHS served on June 24, 2022). MHS has not filed an answer to HavMmeri's complaint, and only recently filed its Rule 12 motion. The parties are still in the pleading stage of this lawsuit. The Court DENIES HavMmeri's Request because court-ordered mediation would be premature.

Second, the Court finds that HavMmeri has failed to plead sufficient facts, *in the complaint*, which would state a claim against MHS upon which relief can be

1

granted. It is apparent that HavMmeri is capable of providing sufficient facts because his complaint states "See more pages," although no additional pages are attached. Compl. (ECF No. 3). Also, HavMmeri's Request for Mediation and Settlement appears to set forth additional details regarding the incident referenced in his complaint. But these allegations are not part of his complaint; and HavMmeri did not sign the Request. Therefore, MHS's Motion for More Definite Statement is GRANTED.

The Court ORDERS HavMmeri to file a verified (or signed) amended complaint by **October 31, 2022**. The verified amended complaint must set forth the specific claims HavMmeri asserts against MHS, the facts he relies upon to support these claims, and the specific federal statute or other law that provides the basis for the Court's subject-matter jurisdiction.

If HavMmeri fails to timely file a verified amended complaint, the Court will recommend that his claims against MHS be dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

**SO ORDERED.**

October 7, 2022

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE