# Calculations for Back Pay and Continued Salary

(Along with Evidence for Cause)

Willie Lee HavMmeri,
Plaintiff
vs.
Methodist Health Systems,
Defendant

Case No. 3:22-cv-00594-E-BT

Disclaimer: The arguments stated below are made without the services of a competent legal professional and I reserve the right to revise and or further detail at a later time.

Because my employment was terminated 24 days after filing a complaint against my department, I have suffered tremendous and substantial financial hardship. I have asked the court to order Methodist Health Systems (MHS) to provide me with Back Pay and Continued Salary until this matter can be resolved.

Again, this amount can be deducted from damages being sought in totality.

(Document number: 28 – First Motion for Judgement regarding Back Pay and Continued Salary)

**I respectfully make this demand for back pay and continued salary to go into effect December 1st 2022.**

**Evidence for Cause**

Section 161.134 (statues.capitol.texas.gov) states that: **RETALIATION AGAINST EMPLOYEES PROHIBITED**
(Full Section evidence again submitted below)

> f. A plaintiff suing under this section has the burden of proof, EXCEPT that it is a rebuttable presumption that the plaintiff's employment was suspended or terminated, or that the employee was disciplined or discriminated against, for making a report related to a violation if the suspension, termination, discipline, or discrimination occurs BEFORE the 60th day AFTER the date on which the plaintiff MADE A REPORT IN GOOD FAITH.

**Policy on suspension, pending investigation and review**
{Evidence again submitted below}

> Methodist policy on Suspension, Pending Investigation and Review states: Employees believed to have engaged in conduct warranting termination of employment are placed on suspension pending investigation and review. Not to be confused with a disciplinary suspension, the investigative suspension allows management a reasonable period of time to investigate the alleged infraction and review with the appropriate Medical Officers or designee, prior to taking disciplinary action. If after full consideration of the matter, disciplinary action is not taken, the employee will be **\*immediately returned to work\* without loss of pay due to the investigative suspension.**

**Back Pay:  $115,200 (April 10th 2020 until December 1st 2022)**

This amount is calculated starting at $25 per hour (base pay plus shift bonuses for hours before 7am and after 3pm along with factors such as inflation and pandemic related bonuses).

Taking $25 per hour times 36 hours per week multiplied by 4 (average month) and again multiplied by 32 months (as of December 1st 2022) which brings the total for back pay to $115,200).

This formula for calculating back pay is:  25(per hour)x36(hours)x4(weeks)x32(months)=115,200

Should this figure be in dispute, Methodist Health Systems (MHS) should consider that I did not choose to factor in my ability to work additional hours, as I was also picking up extra shifts at several MHS locations throughout Dallas at the time of my termination.  I also did not include employer related benefits associated with salary such as "Paid Time Off" (PTO) accrued nor 401k contributions.

**Continued Salary:  $3,600 per month (Post December 1st 2022 until case resolution and justice administered)**

This amount is based on $25 per hour multiplied by 36 hours per week and again multiplied by 4 weeks per month.

Should this figure be in dispute, MHS should consider that I did not choose to factor in months where there are more than 4 such payable week ends.

If MHS objects to this order, please tell MHS Legal to provide such objections in a reasonable time period for this order to be considered, granted or denied.

Respectfully submitted, November 8th 2022

By: _____/s/ Willie HavMmeri_____

Willie Lee HavMmeri, self-represented "Pro se"
godcolored@gmail.com
(214) 600-6207