# OBJECTION to Motion to Dismiss

(Motion requested by Methodist Health Systems – Document 33)

Willie Lee HavMmeri,
Plaintiff
vs.
Methodist Health Systems,
Defendant

Case No. 3:22-cv-00594-E-BT

Greetings to The Honorable Magistrate Judge, Rutherford

I believe that should my case be dismissed before I can have my day in court, this would be a travesty of justice. For over two years, I've been patiently going through the process of building towards a trial.

**A Request for the Court to Review:**
I ask that the Honorable Judge Rutherford **PLEASE** read the Exhibits in my Amended Complaint (Doc. 24) to understand why The Defendant wants this case dismissed.

**Document 24, Exhibit 1** is an email with the Subject, **"Formal Complaint Regarding Work Environment"** addressed to my immediate supervisor. The email was sent on March 17th 2020. (Please read what I allege in this email. It is a lot more than just a conversation with "a rude coworker", as the Defendant attempts to gloss over.)

**Document 24, Exhibit 8** is an email with the Subject **"Workplace/Gender Discrimination"** addressed to the Director of Human Resources for the Defendant. The email was sent on April 7th 2020.

With both these Exhibits, were it not for my blind luck in "cc'ing" my personal email, I would have no case for Discrimination nor Retaliation and we would simply be arguing the merits of the Termination Letter as Wrongful. I believe with these 2 exhibits alone, I satisfy all legal arguments as to "filing a complaint with an employer, in good faith". **(Doc. 24 - Section 161.134(f) [statues.capitol.texas.gov])**

## 1.Summary

After 31 months of seeking a peaceful resolution or trial before a Judge, the Defendant has successfully prolonged this matter, claiming to be unaware of the U.S. District Court Case and asking for a more Definite Statement only to take such a statement, delivered to the Court as an Amended Complaint and now ask for a dismissal**. I am nothing short of appalled.**

Furthermore, my 2nd request for a Motion to Appoint Counsel was not granted because the Court Ordered a Default Judgement for Damages (Document 15). After VACATING the Order of Default Judgement, the Court failed to rescind their Order denying counsel on the grounds of said Order being vacated. (Document 14). By this fact alone, my case should not be dismissed.

THE DEFENDANT best leading arguments as to why this case deserves dismissal are summarized (from the Document 33) as:

    a. **The Amended Complaint, titled Document 24 "AMENDED COMPLAINT" (in big, bold letters), is a failure to comply with the Court Order for an… Amended Complaint.**
    b. **The State Of Texas Labor Code gives a potential plaintiff 180 days to file a Claim. It took me, Willie HavMmeri, 703 days to file with the U.S. District Court.**

With these arguments and semantics related to the listing of statutes and laws, as well as the coherent nature of my presentation, THE DEFENDANT alleges this case must be dismissed.

## 2. Objections

a. **Federal Rules of Civil Procedure - Rule 41(b) If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.**
I assert that my Amended Complaint (Document 24) was in compliance with the Court Order (Document 23) and therefore I seek that the Motion to Dismiss (Document 33) be denied.

b. **Federal Rules of Civil Procedure - Rule 46 When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection.**
As the Plaintiff, I object to the Motion to Dismiss on the grounds that I complied with the Court Ordered deadline to deliver an Amended Complaint by October 31st 2022 (delivered October 27th 2022) and on the grounds that dismissal ignores the fact that my 2nd Motion to Appoint Counsel was denied because the Court granted and vacated an Order for Default Damages without revisiting the 2nd Motion to Appoint Counsel.

I believe that THE DEFENDANT has wasted everyone's time and I will seek to have my Default Judgement reinstated *or* my 5 Proposed Orders granted.

## 3. I believe it's important to look at the WHAT and the WHY of my termination

**WHAT** happened:  I was fired for stealing time.  Without being aware of an investigation.  While giving the Company irrefutable evidence of my innocence to the charges on the pre-written Termination Letter (Doc. 24, Exhibit 2).

**WHY** it happened:  I was covertly investigated and hastily terminated for attempting to expose repeated workplace violence and gender discrimination (Doc. 24, Exhibit 1).

a. The **WHAT** of my case is beyond the point of contention by the Defendant.  Based on the evidence provided, there was no grounds for terminating my employment.  Defendant's internal policy states, at the very least, I should have been granted a "Suspension, Pending Investigation and Review" (Doc. 24, Exhibit 5).   That is my argument for back pay and continued salary (Docs. 28 & 31).
b. The **WHY** it happened is what we are to argue in a court of law.  Why was I investigated, covertly, and hastily fired?  Why did this investigation that led to my termination start and what was the catalyst?  I allege this was due to retaliation and discrimination (Doc. 24), The Defendant argues too much time has passed and I have not complied with a direct Order from the Court (Doc. 33).  I have been open to argue the facts.  The Defendant has only offered an argument based on semantics.

## 4. THE DEFENDANT further proves my need for a legal team and the additional Orders I proposed.

As we all clearly see I am not a legal professional, my background is healthcare.

Were I asked to detail the inner workings of the cardiovascular system or how to read & interpret the electronic rhythms of the heart, these would be easy for me. Yet, I find myself attempting to argue opposite a large corporate law firm while lacking the financial ability to hire proper legal representation.

I concede to being quite overwhelmed with this process, nonetheless, I have been patient during these exchanges and lengthy proceedings (over 2 years) while giving the best possible account for myself that I can.  While the Defendant and its legal team continue to deny my rather obvious claims that foul play contributed to my unfortunate removal from the workplace, I simply move forward with these matters awaiting a day in court or a peaceful, mutually agreed upon conclusion.

### 5. I have requested my email history in it's totality from my time employed with THE DEFENDANT

These emails completely exonerate me and the Defendant knows it at this point.  After my email to my supervisor listed in **Document 24 as Exhibit 1**, my Director of Cardiology asked via email could we please handle this matter in the department.  I replied back via email that I had no confidence in her handling the matter and requested to speak with her immediate supervisor.  3 weeks later I was fired for stealing time.  If these are lies, the Defendant merely needs to submit the evidence, as they have been reluctant to grant my years of request for these emails.  Now they seek a dismissal while willfully withholding the evidence that proves my case for discrimination and retaliation.

Were it not for me "CC'ing" my personal email address in my "Formal Complaint Regarding Working Environment" (Doc 24, Exhibit 1) I would have no case to stand on.  I humbly ask the Court that my Proposed Order for the Complete Email History with the Defendant be granted.

### 6. I was not aware that my case could be dismissed being litigated via PDF rebuttals and electronic filings.

When The Defendant requested a more Definite Statement and the Court ordered that I provide such a statement as an Amended Complaint no later than October 31st 2022, I truly thought I was in strict compliance with the Court's Order.

I believe the case the Defendant made for dismissal only further validates why I need the orders I requested on November 1st 2022 and not only should my case not be dismissed, but I should be granted each order I requested as the Defendant and their legal team clearly seek to play word and numbers games in order to sway the Court's opinion.  I would also like it noted that THE DEFENDANT has provided no objections to the Orders I requested.

### 7. Why the Order of Dismissal should not be granted:

A. ***THE DEFENDANT has completely abandoned their defense of the grounds for termination.***
In my Amended Complaint filed on October 27th 2022 and listed as Document 24, I provided clear and convincing evidence that the list of infractions on my Termination Letter were fraudulent and inaccurate.  The Defendant, in their call to Dismiss, did not even address this fact.

In my limited legal understanding, I don't quite comprehend how the Defendant can continue to assert that my employment was properly terminated while providing no rebuttals to my evidence that completely exonerates me of any wrongdoing, as purported on my Termination Letter.

**The Defendant has abandoned their evidence that I was observed at home on March 31st 2020.  THE DEFENDANT has abandoned their defense that my Director was unaware I used the Hospital Gym on my breaks and lunches.**

While these positions are abandoned, the Defendant has maintained there was zero wrongdoing on the Company's side and made no attempts to reinforce this position in their call to Dismiss.

(Document 33)  There was no mention of my evidence that, by Company Policy, I should have at the very least been granted a Suspension, Pending Investigation as outlined in my Amended Complaint (Document 24).

B. ***THE DEFENDANT Legal Team's best argument for dismissal claims that my amended complaint was not an Amended Complaint.***
This is disingenuous and essentially bullying a self-represented plaintiff.  As I read the THE DEFENDANT Legal argument that I had not followed the Court's instructions for granting Defendant's request for a more Definite Statement and ordering a Amended Complaint (Document 23), I merely look to the Docket for this case and clearly see that Document 24 presented on October 27th 2022 (within the timeframe allotted by the Court) has displayed in big, bold font the words:

## (24)AMENDED COMPLAINT against Methodist Health Systems filed by Willie Lee HavMmeri.

If THE DEFENDANT desires clarification on this matter, the heading of the document is a Definite Statement (as they requested) and the document was filed as an Amended Complaint (as the Court ordered.)
Again, this was the best argument for dismissal the THE DEFENDANT Legal Team could come up with.

C. ***THE DEFENDANT argues that I missed a deadline by over 500 days.***
The Defendant's worst argument (in my opinion) was that, by Texas State Law, I had 180 days to comply with filing deadlines regarding a suit for employment law violations and I took 703 days.  This again, is purposefully disingenuous and falls apart with minimum scrutiny.

The Defendant argues that even if I was given credit for filing with the EEOC on October 8th 2020, that was still ONE DAY past the deadline for filing in the state of Texas.  I would like to remind the Court, as well as THE DEFENDANT, that we were in the middle of a pandemic at the time which changed the dynamics of how the general public could interact with and seek resolutions through all branches of public bureaucracy and offices of Public Service.

Public Service Buildings were closed and Government Officials tasked with receiving these claims were literally working from home.

In the Exhibit that the Defendant attached as evidence of this egregious violation by me in Document 33, it is plainly seen on the evidence that I, in fact, faxed over the filing with the EEOC on October 8th 2020 but I filled out the paperwork and attempted to submit it on **September 28th of 2020.**  At the time, all government buildings were closed to the public including the EEOC Dallas Branch Office and I had to send in the original filing by mail on September 28th 2020.  When the item was still not yet received nor processed by the allotted date of October 7th 2020, I called the EEOC national number and was given a fax number, where I was told to submit the item again via fax.  This I complied with on October 8th 2020.

The evidence the Defendant provided after the cover sheet clearly shows I was well intending on submitting earlier than the deadline. My EEOC Filing clearly shows September 28th 2020, as the Defendant has provided as evidence (Doc 33, Exhibit 1).

**Federal Rules of Civil Procedure - Rule 6 Computing and extending time**
**Rule 6(a)(3) Inaccessibility of the Clerk's Office. Unless the court orders otherwise, if the clerk's office is inaccessible:**
**Rule 6(a)(3)(A) on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday or legal holiday.**

Therefore, the entitlements to damages and relief associated with the Texas Labor Codes I cited are still valid and not dismissible, as the Defendant alleges.

The argument that 703 days passed since I was terminated and the day I filed with the U.S. District Court, has to completely ignore the EEOC proceedings and the time until I was granted the Right to Sue. The Defendant and the good people at Ogletree Law are well aware of this fact regarding employment law yet present to the Court such a weak argument, further wasting the Courts time.

D. *My Motion for Appointment of Counsel deserves a revisit*
All The Defendant's arguments presented in their Motion for Dismissal (Document 33) merely reinforce the need for the services of competent legal professionals. If THE DEFENDANT legal shows any frustrations with my verbiage or adherence to deadlines and semantics, why am I not allowed that which I have requested from the beginning of this set of proceedings?

Since I filed the necessary paperwork for opening this case, I have repeatedly requested the services of a lawyer. The fundamental understanding of federal law, state law, statutes and even filing procedures are lacking from my areas of expertise and thus do not allow me to properly present my case in a manner that both the Court and THE DEFENDANT Legal find most agreeable.

I have been committed to doing the very best I can to adhere and comply with what has been asked of me with my limited knowledge on these subjects and forgive me for not understanding that my case could be dismissed BEFORE I'm allowed a trial to present further evidence.

I don't know how, LEGALLY, one states they were unceremoniously fired for complaining. I believe that if given the opportunity to sit down with a legal team and properly explain my case, the LEGAL PROFESSIONALS would then advise me or represent me far better in these proceedings.

Surely, I am asked to give definite statements and cite statutes as well as examples in law while beating deadlines. All I am left feeling with this entire process is overwhelmed. After all, my background is Healthcare.

Again, my Motion to Appoint Counsel was denied because the Court granted me an Order of Default Judgement for Damages. Once the Order was rescinded, my Motion to Appoint Counsel was never revisited.

I, Willie Lee HavMmeri, am truly in need of a lawyer.

E. *It has not been made clear how exactly the Defendant was made aware of this case.*
In Document 15 from June 14th 2022, The Court again denied my request for a lawyer and Ordered the immediate drafting of a request for damages. It was at this point that THE DEFENDANT (while claiming that they were not served, and thus, remained unaware of the charges levied against them) inexplicably registered their legal team with the Court regarding this case.

The records show that the very next day THE DEFENDANT submitted their 1st entry, a Document 16 on June 15th 2022. This document proclaimed that the U.S. Marshalls had not served the Defendant as of the date of the Order to Request Damages. It has not been explained how THE DEFENDANT became aware of this Order and not the 3 months of case activity prior to their 1st entry.

At the time of the initial service request to the U.S. Marshall Services, I gave the names and contact details of 2 Directors at Methodist Hospital of Dallas along with the legal representative I had worked opposite the past 2 years. I gave the correct address to the Hospital in question. When THE DEFENDANT finally acknowledged being served by the U.S. Marshall on June 24th 2022, the address was to a suite located at 1999 Bryan Street in the heart of Downtown Dallas.

If THE DEFENDANT **can not** inform the Court as to some transparent explanation related to how they discovered this case on June 15th 2022 in the U.S. District Court, I would like my Order for Request of Damages to be reinstated. It is not my fault that THE DEFENDANT made their company difficult to locate but it should be clarified how exactly they were able to reply to an adverse order within 24 hours while maintaining they were blindly unaware a case was even before the Court.

THE DEFENDANT and myself had just finished the EEOC case examination in December of 2021. The EEOC granted me the Right to Sue, no later than 90 days after their verdict. THE DEFENDANT, as well as myself, understood that I had until Mid-March 2022 to file this charge and it is my belief that THE DEFENDANT was allowed to watch the case unfold from a distance as I was granted a waving of the fees and denied a lawyer not once, but twice.

From such a bird's eye view, it was only when the Court Ordered Damages to be Requested that THE DEFENDANT inexplicably decided to participate. **Now they seek dismissal.**

F. *I did not fight the Vacated Order*
I was not allowed to comply with the Court's decision to Order a Request for Damages. THE DEFENDANT appeared and presented a compelling argument for why they had not yet been involved in the case (how they found out needs clarifying, if that's true) and asked the Court for a more Definite Statement as to ascertain what charges were being levied against them (Document 21). I've done nothing but been patient and compliant. I did not complain about the Vacated Order.

THE DEFENDANT has taken my patience and compliance with the process and decided to

silence my case in these internet backrooms, so to speak.  Since THE DEFENDANT has decided my case deserves dismissal, I am preparing to request that my Vacated Order granting Judgement for Damages be reinstated.  My argument will be that THE DEFENDANT is evidenced to being aware of this case, even if not officially served, as seen by their reply to Document 15 with their Document 16.  Again, if THE DEFENDANT is arguing they were not served and remained unaware, therefore unable to comply with the 21 days given for a rebuttal and thus disagreed with the Order stated in Document 15, one simply needs to clarify how did they find out and how much of the case were they aware of before the Order was granted on June 14th 2022.

We have only been going through this legal process for 2 plus years now…

Despite the immediate reversal of the Court Order, I offered no complaint at the time and proceeded forward respectfully.  **Now THE DEFENDANT wants the case dismissed.**  Imagine that.

## 8.Conclusion

What did THE DEFENDANT do after receiving a favorable rescinding of a Court Order and being granted an Amended Complaint?

THE DEFENDANT, and the good folks at Ogletree Law, ignored the grounds of termination as being wrongful & fraudulent.  The case for my termination being retaliation is outlined in Document 24, titled in big, bold font **"Amended Complaint"**.  THE DEFENDANT makes the arguments that the Amended Complaint was not an Amended Complaint as well as 703 days had passed since my termination before a case was filed with the U.S. District Court and these factors should give them an ADDITIONAL favorable verdict of dismissal.

In other words, since I was granted an Order to Request Damages (Document 15), THE DEFENDANT has prolonged the matter only to make absurd and equally baffling arguments hinging on verbiage and countdowns.

**I ask that the Court not allow THE DEFENDANT to further waste everyone's time and reinstate my Order for Default Judgement.**

**THE DEFENDANT nor it's legal team have been willing to offer any explanation as to how I was removed from the workplace using slander, gossip and assumptions that have not stood up to examination.**

If the Court decides that neither the Motion for Dismissal filed by THE DEFENDANT nor the Motion for Reinstatement of Default Judgement deserve to be granted, I humbly ask that we continue forward and that my 5 Proposed Orders be considered and granted (documents 26 through 30).  It should be noted that THE DEFENDANT has not delivered any objections to the 5 Orders I Proposed.

I would like to take a moment and ask the Court to **please read** my initial complaint to my Director of Cardiology, titled "**Document 24, Amended Complaint, Exhibit 1**" (October 27th 2022).  Please ask the obvious question as to what was done to remedy this initial complaint by the employer.

I spoke of a lot more than a "rude coworker" in that Formal Complaint, given in good faith.  THIS is truly why they want the case dismissed.  **I request that the Motion to Dismiss be DENIED.**

**For the sake of compromise and with respect to THE DEFENDANT, should NONE OF THE ORDERS I requested be granted, save the Order of Back Pay and Continued Pay (Documents 28 & 31), I can use this salary that I lost to secure all other Orders and seek to recoup these expenses during Trial or Settlement.**

After all, I have given substantial evidence in my Amended Complaint that my termination was invalid & wrongful.  THE DEFENDANT has provided no evidence to refute the evidence I provided.  Therefore, back pay from the time of termination until the case is resolved would greatly aid me in my efforts to secure Legal Representation.  This would also alleviate the financial burdens placed on my household due to wrongfully being fired for stealing time.  A claim THE DEFENDANT can offer no defense to.

The Motion for Back Pay and Continued Salary can be considered Temporary, Emergency Relief stemming from the Order of Default Judgement and subsequent Vacating of the Order.  Again, THE DEFENDANT is on record being aware of the case before they received their official notice.

**This sounds reasonable and fair.**

**Without this temporary relief, I am worried as to how I will survive this upcoming winter.**

Again, THE DEFENDANT has offered no arguments to dispute the nature of my termination as wrongful, nor any rebuttals to the evidence I presented regarding my Termination Letter.

I thank the Courts for their consideration on these matters and I'm looking forward to Justice being administered.

Respectfully submitted, November 14th 2022

By:  _____/s/ Willie HavMmeri_____

Willie Lee HavMmeri, self-represented "Pro se"
godcolored@gmail.com
(214) 600-6207