IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WILLIE LEE HAVMMERI,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **METHODIST HEALTH SYSTEMS,** § <br> **DALLAS,** § <br> § <br> **Defendant.** § | <br><br><br><br><br>Civil Action No. 3:22-cv-00594-E-BT |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System, incorrectly named as "Methodist Health Systems, Dallas," ("Methodist") files this Reply in Support of Its Motion to Dismiss (doc. 33) ("Motion") and states:

### PROCEDURAL HISTORY

1. As set forth in more detail in the Motion, Plaintiff Willie Lee HavMmeri ("Plaintiff"), proceeding *pro se*, filed suit against Methodist on March 14, 2022. [Doc. 3.] Methodist thereafter filed its Motion for More Definite Statement and Brief in Support (doc. 21), which the Court granted on October 7, 2022, when it ordered Plaintiff to "file a verified (or signed) amended complaint by October 31, 2022," and gave him specific instructions for what to include. [Doc. 23.]

2. Plaintiff has not filed an amended complaint. He filed a "More Definite Statement" on October 24, 2022, (doc. 24), apparently in response to the Court's October 23 Order, and has filed several "Proposed Orders" requesting various forms of relief. Methodist filed the Motion on November 10, 2022, arguing that the Court should dismiss Plaintiff's claims because (1) he failed to file an amended complaint and (2) even if the "More Definite Statement" is construed as an

amended complaint, it fails to cure the deficiencies identified in the Motion for More Definite Statement and fails to comply with the October 23 Order. Plaintiff filed his "OBJECTION" to the Motion (doc. 34) on November 14, 2022. On November 28, 2022, Plaintiff filed his "Additional Objection to Motion to Dismiss" (doc. 44). The arguments in the Objection and Additional Objection are at times difficult to understand, but nothing in them should dissuade the Court from granting the Motion and dismissing this lawsuit in its entirety.

## ARGUMENT AND AUTHORITY

3. In the Motion, Methodist observed that the "More Definite Statement" makes reference in one form or another to the Texas Health & Safety Code, the Fair Labor Standards Act, unspecified portions of the Texas Labor Code, and Title VII of the Civil Rights Act. It should be a simple enough task for Plaintiff to clearly and concisely state his legal claims, but despite being given every opportunity, including in the Objection and Additional Objection, he has failed to do so.

4. **Texas Health & Safety Code.** In the Objection, Plaintiff claims that by his actions in sending two emails to his supervisors during his employment, he "satisf[ies] all legal requirements as to 'filing a complaint with an employer, in good faith.' **(Doc. 24 – Section 161.134(F) [statutes.capitol.texas.gov])**." [Objection (doc. 34) at p. 1 (all emphasis original).] That is a reference to the Texas Health & Safety Code, which (as explained in the Motion) provides "whistleblower" rights to certain health sector employees who report violations of law and are terminated as a result. There is a 180-day limitations period. Tex. Health & Safety Code § 161.134(h).

5. If Plaintiff intends to state a claim under this statute, it is facially barred by limitations, insofar as *Plaintiff alleges* that he was fired on April 10, 2020, far more than 180 days

before he filed suit. [Motion (doc. 33) § B.1.] The Court may grant a motion to dismiss based on limitations when the accrual date is apparent from the face of the pleadings. *Finney v. VHS San Antonio Partners, LLC*, No. 5:14-cv-00840-XR, 2015 WL 4637696, at *4 (W.D. Tex. Aug. 3, 2015). In the Objection, Plaintiff accuses Methodist of being "purposefully disingenuous" in making this argument, but it is apparent that he fails to understand the difference between deadlines to file a charge with the EEOC for *discrimination* claims, with the statute of limitations for ***filing suit*** under the Health & Safety Code for violations thereof. Plaintiff's lack of understanding of the law is not a reason to delay dismissal.

6.      **Fair Labor Standards Act.** In the "More Definite Statement," Plaintiff made reference in passing to a portion of the FLSA that protects employees who raise complaints about wage and hour violations. In the Motion, Methodist argued that the facts alleged in the "More Definite Statement," even if true, would not make out a claim under this section of the FLSA, in that he did not allege facts showing that he engaged in protected activity *under the FLSA*. [Motion (doc. 33) § B.2.] Plaintiff utterly fails to address this argument in the Objection, and makes no further mention of the FLSA. To the extent the Court construes the "More Definite Statement" to be an attempt to plead an FLSA claim, it is an unsuccessful one, and certainly does not comply with the terms of the Court's October 23 Order requiring specific factual and legal allegations.

7.      **Texas Labor Code.** Plaintiff referenced the Texas Labor Code in the "More Definite Statement." In the Motion, Methodist noted that charges of discrimination under the Labor Code must be filed within 180 days of the last discriminatory act, but that it was evident from the face of Plaintiff's Charge of Discrimination that he failed to file his Charge in a timely manner. [Motion (doc. 33) § B.3.] Plaintiff addresses this argument by *conceding* that he did not file the Charge on time, while claiming that he "attempted" to submit it before the deadline (meaning that

he *knew* about the deadline) but was unable to do so. He then cites Federal Rule of Civil Procedure 6, which of course has to do with deadlines for filing pleadings and other papers in a lawsuit, but has no relevance to the limitations period in the Texas Labor Code. He cites **no** authority for the implied proposition that his failure to comply with the mandatory deadline should be excused for any of the reasons he offers, and of course it is not the place of either Methodist or this Court to supply such authority. Any claim under the Labor Code is facially barred as pleaded (or re-pleaded).[1]

8.     **Title VII.** In the Motion, Methodist observed that it is not clear from the "More Definite Statement" whether Plaintiff intends to assert a claim under Title VII, and if so, whether he means to plead a *discrimination* claim based on his sex, or a claim for *retaliation* for having engaged in a protected activity. [Motion (doc. 33) §§ B.4 – B.5.] In the Objection, Plaintiff points to two emails he attached to the "More Definite Statement" and says that without them, "I would have no case for Discrimination nor Retaliation." Solely for purposes of the Motion and this Reply, Methodist assumes that Plaintiff has pleaded discrimination and retaliation under Title VII.

9.     **Retaliation.** The "More Definite Statement," even as explained in the Objection, still falls short of pleading a claim of *retaliation* on which relief may be granted, because the emails – which are pleading exhibits the Court may consider[2] – are not evidence of protected activity. To engage in "protected activity" under Title VII, an employee must voice a complaint about actionable discrimination, *i.e.*, discrimination "with respect to his compensation, terms, conditions, or privileges of employment" based on some protected characteristic. 42 U.S.C. § 2000e-2(a)(i).

---

[1] In the "Additional Objection," filed on the day this Reply is due, Plaintiff seems to argue that an email he sent to certain Methodist "administrators" after his termination but "well before the deadline to file with the TWC, EEOC and in compliance with the Texas Labor Code" itself constitutes exhaustion of administrative remedies. That is not the law.
[2] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**                                    Page 4

Plaintiff fails in the Objection to explain how either email is a complaint **about actionable discrimination**. The Court must look *at* the March 17 email (which is a complaint about a rude co-worker), not at Plaintiff's *description* of the email (which he says detailed a "long history of harassment, threats, and workplace violence," which it simply does not). The email – the only alleged protected activity – falls short as a matter of law.

10.     **Sex Discrimination.** Finally, as stated in the Motion, Plaintiff has failed in the "More Definite Statement" to plead an actionable claim for sex discrimination. The entire gravamen of the narrative in the "More Definite Statement" is that Plaintiff was fired for complaining, *not* that he was fired because of his sex or gender. Methodist highlighted this in the Motion, noting that Plaintiff failed to plead that he (1) suffered an ultimate employment action (2) because of his sex. [Motion (doc. 33) § B.5.] Plaintiff **does not contend in the Objection** that he has pleaded a claim of sex discrimination. He uses the *word* "discrimination," but it is evident from the context, in both the Objection and the "More Definite Statement," that he means to allege only that Methodist's decision to separate him from employment was retaliatory in nature.[3] That is, he claims to have made an internal complaint about discrimination (though he did not, or at least not an actionable one), but he does not plead the occurrence of any "ultimate employment action" that was itself motivated **by his sex**. The Court should dismiss Plaintiff's Title VII discrimination claim because it fails as a matter of law.[4]

11.     As this Court has noted, "although courts construe *pro se* litigants' pleadings liberally, *pro se* parties are not exempt from complying with the relevant rules of procedural and

---

[3] In attempting to urge his request for appointment of counsel for at least the third time, Plaintiff argues in the Objection that he does not "know how, LEGALLY, one states that they were unceremoniously fired for complaining." [Objection (doc. 34) at p. 5.]
[4] If the Court agrees that Plaintiff's Title VII discrimination and retaliation claims should be dismissed on their merits, the Court can dismiss the tag-along Texas Labor Code claims on *their* merits without reaching the "failure to exhaust" argument discussed above.

substantive law." *Garry v. Yeager*, No. 3:21-cv-00813-B-BT, 2022 WL 1750044, at *2 (N.D. Tex. May 11, 2022); *see also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("the right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law. Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure"). It is "not incumbent on the court to give litigants repeated opportunities to prosecute and defend their claims[.]" *Garry*, 2022 WL 1750044, at *3 (quoting *Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *12 (N.D. Tex. Mar. 16, 2020)). The Court has given Plaintiff a chance to amend his claims to assert legally and factually viable causes of action. He failed to do so in the "More Definite Statement," even if it is construed as an amended complaint, and his explanations in the Objection and Additional Objection are unavailing. The Court should proceed with dismissal.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above and in the Motion, the Court should grant the Motion, dismiss Plaintiff's claims against Methodist with prejudice, deny any other relief requested by Plaintiff, and grant all other relief, general or special, at law or in equity, to which Methodist may be justly entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**


*/s/ John M. Barcus*
John M. Barcus
Texas State Bar No. 24036185
john.barcus@ogletree.com
Shaina E. Hicks
Admitted to the NDTX
shaina.hicks@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
214.987.3800 (Phone)
214.987.3927 (Fax)

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed using the Court's ECF system on November 28, 2022, which will give notice to all parties registered to receive electronic service, including *pro se* Plaintiff Willie Lee HavMmeri.

 */s/ John M. Barcus*
John M. Barcus