IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE LEE HAVMMERI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00594-E-BT |
| | § | |
| METHODIST HEALTH SYSTEMS, | § | |
| DALLAS, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System ("Methodist"), incorrectly named as "Methodist Health Systems, Dallas," files its Response to Plaintiff's Motion for Summary Judgement and Brief in Support and states:

**OVERVIEW AND PROCEDURAL HISTORY**

1. *Pro se* Plaintiff Willie Lee HavMmeri ("Plaintiff") filed suit against Methodist on March 14, 2022 (doc. 3). Methodist timely filed a Motion for Definite Statement (doc. 21), which the Court granted on October 7, 2022, ordering Plaintiff to file an amended complaint in compliance with the Court's instructions by October 31, 2022 (doc. 23).

2. On October 27, 2022, Plaintiff filed an instrument titled "More Definite Statement" (doc. 24), which he later confirmed was his attempt to file an amended complaint. Methodist filed its Motion to Dismiss and Brief in Support ("Motion to Dismiss") on November 10, 2022 (doc. 33), in which it asserted that the facts and allegations in the "More Definite Statement" failure to state a claim upon which relief may be granted. The Motion to Dismiss is fully briefed and ripe for determination.

3. Plaintiff filed his Motion for Summary Judgment ("Motion") (doc. 35) on November 14, 2022. The nature of relief sought by Plaintiff in the Motion is less than clear. In it, Plaintiff makes clear that he is "not seeking Judgement on the Case of Discrimination & Retaliation," and that the Motion "only is dealing with" a letter Methodist sent to Plaintiff informing him of its decision to separate him from employment for cause. On November 22, 2022, Plaintiff filed his "Motion of Summary Judgment Support Document" (doc. 42), which appears to be an attempt to reiterate the arguments already made in the Motion.

## SUMMARY OF THE ARGUMENT

4. The Court should deny the Motion as both procedurally deficient and substantively meritless. With respect to procedure, the Motion is premature, insofar as it was filed while the Motion to Dismiss remains pending, and therefore before Methodist has been required to answer the now-restyled Amended Complaint (doc. 46). Summary judgment is never appropriate before entry of a scheduling order, something that will not occur unless and until the Court denies the Motion to Dismiss, which it should not do.

5. Substantively, the Court should deny the Motion because Plaintiff has not satisfied his burden, as the party seeking judgment on his own claims for affirmative relief, to prove each element of his cause or causes of action as a matter of law. Plaintiff has not identified the causes of action at issue, much less articulated the essential elements or introduced evidence (as opposed to argument) proving each element as a matter of law. Most of Plaintiff's proffered "evidence" is inadmissible, but Plaintiff's Exhibit 6, in which he *admits* that Methodist's reasons for terminating his employment were justified, should be considered and should leave no doubt in the Court's mind that the Motion must be denied.

## ARGUMENT AND AUTHORITY

The Court should deny the Motion for each and all of the following reasons:

A.  **The Motion is premature.**

6.  Plaintiff accurately cites Federal Rule of Civil Procedure 56, which provides that "unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). However, in most instances, motions for summary judgment filed by plaintiffs at the very outset of litigation are premature and subject to denial for that reason alone. For example, in a case involving a *pro se* plaintiff and voluminous filings, former Chief Judge Solis denied a plaintiff's motion for partial summary judgment "as premature given (1) pending motions to stay discovery, motions to dismiss, and motions to strike and (2) a lack of a planning conference under Fed. R. Civ. P. 26(f) or a scheduling order in this case." *Griffin v. Am. Zurich Ins.*, No. 14-CV-2470-P, 2015 WL 12748322, at *2 (N.D. Tex. Mar. 20, 2015).[1] *See, e.g.*, *Sweeney v. Texas State Univ.,* No. A-14-CV-910 LY, 2015 WL 2345086, at *4 (W.D. Tex. May 14, 2015) (*pro se* plaintiff's motion for summary judgment was "plainly premature" in light of a pending motion to dismiss and because the court has not yet entered a discovery plan or a scheduling order); *Kelley v. Gustafson*, No. 5:13-CV-27, 2014 WL 316587, at *1 (E.D. Tex. Jan. 28, 2014) (denying as premature *pro se* plaintiff's motion for partial summary judgment because the court had not set the case for a scheduling conference in light of a pending motion to dismiss).

---

[1] When the *pro se* plaintiff thereafter filed **another** motion for partial summary judgment, the Court summarily denied it and warned the plaintiff that until the court had "set a schedule for filing any motion for summary judgment . . . it will summarily deny any filed motion," and that "filing another premature motion for summary judgment or otherwise abusing the litigation process may subject [plaintiff] to sanctions up to and including monetary sanctions payable to the Court, filing restrictions, or other appropriate sanctions as warranted by the circumstances." *Id.*

7. The present case warrants application of this doctrine. Plaintiff filed a complaint full of vagaries but impermissibly light on facts and legal theories of recovery. Methodist filed its motion for a more definite statement. The Court permitted Plaintiff to replead and gave him instructions for how to do so. Upon receiving Plaintiff's attempted re-pleading (*i.e.*, the "More Definite Statement"), Methodist filed its Motion to Dismiss, in which it contends that the Court can and should dismiss this case based solely on the face of Plaintiff's pleadings. On the same day he filed his first of multiple responses to the Motion to Dismiss, Plaintiff filed the present Motion. It would make no sense for the Court to grant or even consider the Motion before resolving the Motion to Dismiss, or before affording Methodist the opportunity to conduct discovery, which Plaintiff has invited but which is *by rule* premature in the absence of a scheduling order. The Court should deny the Motion as premature.

**B.     The Court should deny the Motion because Plaintiff has utterly failed to carry his burden of proof.**

8. Inasmuch as Plaintiff will have the burden of proof at trial on whatever statutory or common-law claims he is attempting to assert, to be entitled to summary judgment, Plaintiff "must establish beyond peradventure all of the essential elements of the claim or defense." *Bank One, Tex. N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (Tex. 1995) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). That is, with respect to each element, Plaintiff "must show by affidavit or other evidentiary materials that there is no genuine dispute as to any fact material to resolution of the motion." *Fontenot*, 780 F.2d at 1194. The "beyond peradventure standard" imposes a "heavy burden" on the movant. *Continental Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2007 WL 2403656 at *10 (N.D. Tex. Aug. 23, 2007). *See, e.g.*, *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (reaffirming "beyond peradventure" standard).

9. As best as Methodist is able to discern (as explained in more detail in Methodist's Reply in Support of its Motion to Dismiss (doc. 45), filed on November 28, 2022), Plaintiff may be attempting to assert a cause of action under the whistleblower protections set forth in Section 161.134 of the Texas Health & Safety Code. The elements of a retaliatory discharge claim under this Section are: "(1) the plaintiff was an employee of a hospital, mental health facility, or treatment facility; (2) the plaintiff reported a violation of law; (3) the plaintiff reported the violation to a supervisor, an administrator, a state regulatory agency, or a law enforcement agency; (4) the report was made in good faith; and (5) the plaintiff was suspended, terminated, disciplined or otherwise discriminated against by the covered entity." *Janaki v. C.H. Wilkinson Physician Network*, 624 S.W.3d 623, 628-629 (Tex. App.—Corpus Christi 2021, no pet.). Plaintiff has not ***attempted*** to produce evidence in support of each of these elements or to explain how his "evidence" could allow the Court to conclude that he has proven all five elements as a matter of law. The Court should deny the Motion with respect to Plaintiff's claims, if any, being asserted under the Health & Safety Code.

10. Plaintiff has also made reference in the "More Definite Statement" to the Fair Labor Standards Act (the "FLSA"). As the Court is aware, the FLSA provides several types of private rights of action, and if it is unclear *whether* Plaintiff intends to seek relief under the FLSA, it is certainly unclear *in what way* Plaintiff contends Methodist allegedly violated the FLSA. If and to the extent Plaintiff intends to seek relief under the FLSA's anti-retaliation provision, simply to make out a *prima facie* case, Plaintiff must prove "(1) participation in a protected activity under the FLSA;[2] (2) an adverse employment action: and (3) a causal link between the activity and the adverse action." *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617,

---

[2] "Protected activities" under the FLSA may include "informal, internal complaints" as well as agency filings, but they must involve complaints about unpaid wages, overtime pay, or other matters regulated by the FLSA. *Hagan*, 529 F.3d at 626.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**                                   Page 5 of 10

624 (5th Cir. 2008). In the Motion, Plaintiff has not alleged that he engaged in "protected activity" *under the FLSA*, or that any causal link existed between that protected activity and Methodist's decision to separate him from employment, much less introduced admissible evidence proving "beyond peradventure" that he engaged in protected activity and that a causal nexus exists. The Court should deny the Motion with respect to any FLSA claims Plaintiff is attempting to assert.

11.     Plaintiff also seems to be asserting a cause of action for sex discrimination or under Title VII and the analogous provisions of the Texas Labor Code. The elements are well established.[3] Simply put, Plaintiff must prove that Methodist discharged or otherwise intentionally discriminated against him because of his sex. *See, e.g.*, *Bostock v. Clayton County, Ga.*, --- U.S. ---, 140 S.Ct. 1731, 1739-1740 (2020). The discrimination must take the form of an "ultimate employment decision[ ] such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Plaintiff has not established these facts "beyond peradventure," and indeed has not established these facts *at all*. Even if the Court were to consider the unauthenticated and inadmissible attachments to the Motion as evidence, they do not **prove** sex discrimination. If anything, Plaintiff's evidence, which includes Methodist's letter explaining the neutral and non-discriminatory reason for its personnel action, serves to create a fact question rather than settle one.

12.     The same is true for Plaintiff's final (apparent) cause of action, for retaliatory termination under Title VII or the Texas Labor Code. To be entitled to summary judgment, Plaintiff must introduce evidence establishing "beyond peradventure" that he engaged in

---

[3] The same standard applies under Title VII and the Texas Labor Code. *Shackelford v. Deloitte & Touches,* LLP, 190 F.3d 398, 404 n. 2 (5th Cir. 1999) (holding that law governing claims under the TCHRA, Texas Labor Code § 21.009, *et seq.*, and Title VII is identical). The familiar *McDonnell Douglas* burden-shifting standard has no application here. It is applied when a **defendant** seeks summary judgment, and requires plaintiff to make out a *prima facie* case of discrimination and at least create a fact question regarding pretext before being allowed to proceed to trial.

protected activity when he "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this subchapter," *and* that Methodist took an adverse employment action against him because of that protected activity. 42 U.S.C. § 2000e-3(a). Once again, Plaintiff has failed to sustain this burden. He has not proven that he engaged in statutorily protected activity, and he has not proven that Methodist took adverse action against him because of any such protected activity. By directing the Court's attention to Methodist's termination letter, in which it explained that it terminated Plaintiff's employment for stealing time, Plaintiff has done enough on his own to warrant denial of the Motion on any retaliation claim Plaintiff intends to pursue. The Court should deny the Motion in this and every other respect.

C.     **Plaintiff's Exhibit 6 *Proves* that Fact Questions Exist.**

13.    Plaintiff's Exhibit 6 is a copy of the Disciplinary Action Form Methodist issued to Plaintiff on April 10, 2020. [Doc. 35-6 at p. 5.] In it, Methodist explained to Plaintiff that it had made the decision to separate him from employment based on its determination that he had been "stealing time from Methodist by not clocking out when leaving campus going to his home and the Folsom Gym to work out." *Id.* Upon receiving the document, Plaintiff wrote "while I don't agree that I ever left the campus while at work, I understand that based on the narrative of using the *Hospital Gym* I am found to be wrong[.]" *Id.* That is, in the only admissible exhibit Plaintiff attached to the Motion, **he admitted that Methodist's decision to separate him from employment based on using the gym while on the clock was justifiable**. Those words alone, written by Plaintiff at the time of his termination and presented to the Court by him, preclude summary judgment on any of Plaintiff's causes of action and theories of liability.

**D.     Plaintiff's Remaining Evidence is Inadmissible.**

14.     Methodist objects to the remainder of Plaintiff's proffered evidence. Exhibit 1 is an amalgamation of several documents, including notations seemingly made by Plaintiff, and not something that could *ever* be put into evidence at trial. [Doc. 35-1 at p. 1.] "Once it is time for a court to make a ruling on summary judgment, its grant or denial turns on whether there is a genuine dispute of material fact based on the evidence before the court – not evidence that might be developed later. It is true that the evidence offered for summary judgment purposes need not yet be in a form admissible at trial, but the party offering the evidence needs to be able to demonstrate that it ***can be put into an admissible form by the time of trial***." *In re Deepwater Horizon*, 48 F.4th 378, 384-385 (5th Cir. 2022). Plaintiff has not.

15.     Exhibit 2 appears to be a screenshot of a photograph posted on Plaintiff's Facebook page along with images that Plaintiff seems to believe prove the date and time he took the photograph. Plaintiff has not offered any testimony purporting to authenticate Exhibit 2. Standing on its own without a sponsoring witness, Exhibit 2 is not competent summary judgment evidence. The same is true for Exhibit 3, which Plaintiff claims in the summary judgment narrative are texts between himself and one of his coworkers, which appear to be dated *August 14, 2018*.[4] Without a sponsoring affidavit or other testimony proving that it is what it appears to be, Exhibit 3 is likewise inadmissible.

16.     Plaintiff claims that his Exhibit 5 is part of the TWC's file regarding his claim for unemployment benefits. Methodist objects to the lack of completeness as well as the lack of authenticity. Methodist does not dispute that Exhibit 4 is an excerpt from one of its policies, but objects to Plaintiff's attempt to introduce only a portion of it. Finally, Methodist objects to the statements made in the body of the Motion (*e.g.*, Plaintiff's claim that he "showed the actual

---

[4] As such, they are proof of nothing germane even if they are authentic.

picture" during his termination meeting) that are unsupported by evidence, whether in the form of sworn testimony or otherwise. Plaintiff's factual *arguments* do not entitle him to summary judgment.

E. **Methodist's Failure to Answer is of no Moment.**

17. Plaintiff places great but mistaken emphasis on the fact that Methodist has not filed an answer denying that it acted with unlawful animus when it separated him from employment. As the Court is aware but Plaintiff perhaps is not, Methodist is not *required* to file a responsive pleading unless and until the Court denies its pending Motion to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b) (defenses must be asserted in a responsive pleading if one is required, but the defense of failure to state a claim (among others) may be asserted by motion, so long as that motion is filed before responsive pleadings are due). Serving a motion to dismiss under Rule 12 tolls a defendant's deadline to file a responsive pleading until 14 days after the Court denies said motion. *Id.* Plaintiff may rest assured that Methodist denies all of his claims and causes of action. Should the Court find that Plaintiff has done enough to state a viable claim, Methodist will answer in due course.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Methodist respectfully requests that the Court deny the Motion; grant its pending Motion to Dismiss; enter a take-nothing judgment for Methodist and against Plaintiff on each of Plaintiff's claims, causes of action, and requests for relief, dismissing the same with prejudice; award Methodist its costs of court; and grant all other relief, general or special, at law or in equity, to which Methodist may be justly entitled.

Respectfully submitted,

By: */s/ John M. Barcus*
John M. Barcus
Texas State Bar No. 24036185
john.barcus@ogletree.com
Shaina E. Hicks
Admitted to the NDTX
shaina.hicks@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
214.987.3800 (Phone)
214.987.3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed using the Court's ECF system on December 5, 2022, which will give notice to all parties registered to receive electronic service, including *pro se* Plaintiff Willie Lee HavMmeri.

*/s/ John M. Barcus*
John M. Barcus