# Response to Defendant Document 50:

**Response Filed By Methodist Health Systems (to First Motion of Summary Judgement [Doc. 35])**

Willie Lee HavMmeri,
Plaintiff
vs.
Methodist Health Systems,
Defendant

Case No. 3:22-cv-00594-E-BT

Greetings to all Parties

I find myself fortunate while reading the Defendant's response to my Motion of Summary Judgement (Doc. 35).  The Defendant's legal team presented no evidence to the contrary of what was asserted as Fact, merely, stating that it was not a great legal time to file such a claim and that the Exhibits listed were not corroborated by Defendant verification in admissible testimony.

To these points, I actually smiled.  **I have the audio evidence verifying the photo and Director's text.**

The Defendant undermined it's own Motion to Dismiss (Doc. 33) **admitting** that I followed the Judge's instructions by referencing the Amended Complaint (Doc. 24 – F.R.C.P. Rule 41(b)) and by **attempting** to strike down all the claims to which relief may be granted in the Amended Complaint (while claiming I failed to state any claims of such merit – F.R.C.P. Rule 12(b)(6)).

In the Amended Complaint (Doc. 24), I sited Texas Labor Codes, FMLA, Texas Health and Safety Code, and Title VII of the Civil Rights Act of 1964 ***ALL OF WHICH ARE CLAIMS TO WHICH RELIEF MAY BE GRANTED*** (F.R.C.P. Rule 12(b)(6).  While I understand the Defendant having objections to these claims, one can not claim Rule 12(b)(6) was not adhered to while providing such objections.

If there were no claims, what would there be to object to?  If there were no Amended Complaint, what *document* would there be to continue to site?

 For a "Pro Se" Plaintiff such as myself, this would be like being instructed by a judge to wear a suit and the Defendant seeking a Motion to Dismiss claiming "The Plaintiff failed to follow instructions to wear a suit, Your Honor!  His tie, dress shoes, collared shirt, dress pants and suit jacket did not constitute a suit!"  Again, I understand that Defendant's typically object to claims but…  I don't understand the concept of objecting to something you are maintaining doesn't exist.

Either claims were stated to which relief can be granted or there were no such claims and no point of arguing.

In other words, by the Defense Team's own arguments, this case is hardly dismissible.  Rule 41(b) was complied with and acknowledged by the Defendant.  Rule 12(b)(6) was complied with and the claims requiring relief were argued against by the Defendant.  Moving on.

## Motion for Summary Judgement – Defense fails to refute any points stated as Fact

In the Federal Rules of Civil Procedure, Rule 56 (Motion for Summary or Partial Judgment) clearly states that a party can call on a Motion for a Summary or Partial Judgment ***AT ANY TIME*** until 30 days after Disclosure.

The Defendant states that until the Motion to Dismiss is decided, they reserve the right to offer any evidence to the contrary of the claims in the Motion for Summary Judgment.  **I am fine with this point.**

After the Motion to Dismiss is **DENIED**, **I agree that the Defendant should have 14 days to provide evidence that refutes my claims.**

### Point 1 of Motion for Summary Judgement

In the Motion for Summary Judgement (Doc. 35), I have stated that the picture used to prove the terminable offense of being seen at home from a Facebook photo was incorrectly taken as some sort of "live action" posting, and not a photo that was taken days earlier and only posted on the social media app while at work.

**DEFENDANT BURDEN OF PROOF for Summary Judgement: Defendant must prove my picture provided is incorrect and provide the "correct photo" used in termination for this fact to be invalid.  If they have another Facebook post from March 31st 2020, please provide it for the Court.**

### Point 2 of Motion for Summary Judgement

In the Motion for Summary Judgement (Doc. 35), I have stated that while I, in fact, frequented the hospital gym (Folsom Fitness Center) while at work for 5 years prior to termination, this was common knowledge in my department with my direct supervisor very much aware.  I maintained that the hospital gym was where I decided to take my breaks and lunches. My direct supervisor (R. Pegram, Director of Cardiology) had known this fact for years.  In the text conversation shown in the exhibits (Doc. 35, Exhibit 3) Director Renee Pegram's name and phone number are visibly displayed.

**DEFENDANT BURDEN OF PROOF for Summary Judgement: Defendant must prove that the text conversation provided is not my Direct Supervisor demonstrating awareness of gym use.**

### Point 3 of Motion for Summary Judgement

Even if the use of the hospital gym was a valid reason for immediate termination (which it was not), by Texas Workforce Commissions Appeals Policy and Procedure Manual, too much time had passed between the last known offense of going to the hospital gym and date of termination for it to be a valid offense for termination.  (Termination date: April 10th 2020, last time using the hospital gym: January 27th 2020.)

**DEFENDANT BURDEN OF PROOF for Summary Judgement:  Defendant must explain why these dated "offenses" were listed or abandon these terminable offenses as invalid.  Defendant must prove the investigation into my grievance was completed BEFORE these terminable offenses were investigated.**

### Point 4 of Motion for Summary Judgement

The Defendant never informed me I was the subject of an investigation and I only found out at the impromptu termination meeting.  The Defendant failed to follow it's own policy and grant me a suspension, pending an investigation.  From the date to which I experienced workplace violence, until

my termination date, I had not missed any time of work.  My termination letter was pre-written and was not changed despite my evidence to the contrary.

**DEFENDANT BURDEN OF PROOF for Summary Judgement: The Defendant must prove I was informed I was being investigated and that I was granted an opportunity to refute any terminable offenses PRIOR to termination.**

Exhibit 6 (Doc. 35 – Motion for Summary Judgement)
"While I don't agree that I ever left the campus while at work, I understand that BASED ON THE NARRATIVE of using the *HOSPITAL GYM* I am found to be wrong." (Signed by yours truly).

In the impromptu termination meeting I successfully showed evidence that I was not at home as pictured on a Facebook post while on the work clock and that my direct supervisor was aware that I used the hospital gym for my breaks and lunches.

What I could not refute (at the time) was the NARRATIVE that **I was observed at the gym over an HOUR EACH TIME.**

In the years of hearings and evidence presented by the Defendant to the TWC & EEOC, I can now say that was a complete lie by the HR Directors in order to get me to sign the document.  While I was compelled to sign the termination letter, I only did so because I couldn't refute the narrative.  Had I come into that meeting fully aware that I was about to be terminated, I would have prepared better.  I did not know at the time to site precedents regarding last dated terminable offense nor did I know company policy on suspension, pending investigation.  I had no party present to argue on my behalf and both directors present were motivated to see that my employment was terminated that day.

**DEFENDANT BURDEN OF PROOF for Summary Judgement: Defendant must prove I was observed over an hour each time.  I maintain I only used the hospital gym on my breaks and lunches.**

Again, I am prepared to wait for the DENIAL of the Motion to Dismiss for the Defendant to have their 14 days to answer this Summary Judgement.

I would also like for the ruling on the 5 proposed orders to be suspended until after a ruling on the Motion for Summary Judgement.  **These 5 proposed orders are the RELIEF sought with Summary Judgement.**

My next document shall be **a request for instructions on how to submit audio evidence** from the TWC Hearing (dated Dec. 2020).  In the audio, it shall further corroborate my claims and exhibits in the Motion for Summary Judgement (Doc. 35).

Respectfully submitted, December 7th 2022

By: _____/s/ Willie HavMmeri_____

Willie Lee HavMmeri, self-represented "Pro se"
godcolored@gmail.com
(214) 600-6207