# Cease and Desist
# Defamation of Character and Slander
# Warning & Final Notice

Willie Lee HavMmeri,
Plaintiff
vs.
Methodist Health Systems,
Defendant

Case No. 3:22-cv-00594-E-BT

April 13, 2023

## Overview

This letter is to serve as a FINAL notice to Methodist Health Systems (The Defendant) regarding any further Defamation of Character and Slander.  This medium of delivery is the U.S. District Court ECF/Pacer Electronic Filing System.

**Defamation** is defined as:  The act of communicating to a third party false statements about a person place or thing that results in damage to it's reputation.  It constitutes a tort or a crime.

**Slander** is defined as:  The action or crime of making a false spoken statement damaging to a person's reputation.

## Outline of Relevant Events

1. March 17th 2020, I reported to my immediate supervisor, in good faith, my formal complaint of Gender Discrimination and Workplace Violence.  (Evidence by Amended Complaint)  April 10th 2020, my employment was terminated for manipulation of financial documents (Stealing time).  The evidence brought before the company to determine grounds for termination was gathered from the same employees that I originally complained about and this evidence remains fraudulent and unproven as a means of justifying an immediately terminable offense (as listed by "Company Policy", cited in Amended Complaint).

2. In summary, I complained to the company that women in my immediate work environment received unearned additional hours, preferrable treatment, a lack of consequences/reprimanding/correction and were able to bully, gossip, harass, threaten, and belittle me despite my years of persistent departmental pleas for a resolution.  The  Defendant's answer to my formal complaint was to immediately terminate my employment without giving me any notice that I was, in fact, being investigated FOLLOWING my initial complaint.

3. This is the basis of my case before the U.S. District Courts regarding WRONGFUL TERMINATION DUE TO GENDER DISCRIMINATION AND RETAILATION.

### Summary of Actions that must Cease and Desist

4. As this case moves forward towards a trial or other resolution, I am prepared to argue the facts regarding my initial complaint, subsequent emails, contact with staff and ultimately the grounds for termination. With that said, I will not allow my name, character and image to be defamed nor slandered with baseless allegations of sexual harassment, sexual deviancy nor unsolicited sexual advances.

5. I would like to point out to the Defendant that I had an exemplary record with the company that spanned 6 years and 3 different locations. I had never been accused of sexual harassment, never been written up/warned/reprimanded for such actions and had great professional relationships throughout my tenure with the company with both male and female employees.

6. To further drive the point home, I am preparing to argue my formal complaint delivered to my immediate supervisor regarding gender inequality and the toxic work environment and I'm preparing to argue the grounds for termination listed on the Termination Letter (Evidence cited in Amended Complaint) were fraudulent and based exclusively on a narrative that I had no means of disputing at the time of the impromptu firing (April 10th 2020). If the Defendant in this case (Methodist Health Systems) attempts to deliver any hearsay evidence that is not based on their termination letter nor any earlier grounds of discipline I had received beforehand, I will consider this slander and defamation.

7. Again, I urge the Defendant to focus their case on proving their termination letter as valid and not to venture into the murky waters of painting me as a "bad man, who needed to be removed – one way or another".

8. After 3 years of legal proceedings with the Defendant, I have seen their case go from failing to prove I stole time as listed on the termination letter (Texas Workforce Commission Unemployment Appeal Decision) to alleging sexual misconduct as a means of termination (as cited by the EEOC Investigator Decision). Should this slander and defamation be allowed to enter this trial going forward, I will seek additional and substantial damages from the Defendant.

### Defamation and Slander will be considered requiring additional damages if:
   a. Sexual Misconduct of any kind is brought into question while not being listed on the Termination Letter.
   b. Misconduct unrelated to the terms listed on the Termination Letter is alleged to had taken place [BEFORE] March 10th 2020 (the final day I was cursed out in my office attempting to clock in to start my shift). Please NOTE, if this misconduct was never reported before my complaint and only accepted after my complaint, this is slander and an attempt to silence my voice and defame my character, purposefully done by the Defendant and the coworkers in question.
   c. Misconduct is cited by the Defendant that fails to show any documented correction or discipline with respect to the time and date to which the misconduct took place.
   d. Statements given that allege sexual misconduct "in general" and not specifically involving a specific person nor the person giving the statement. This is gossip and slander.
   e. Statements of sexual misconduct are gathered from the set of women, I (The Plaintiff), initially accused of workplace violence and gender bias.
   f. The Defendant enters evidence citing sexual misconduct as a means to prove termination on the grounds for manipulation of financial documents. (As entered to the EEOC).

    g.   Statements gathered by the Defendant alleging sexual misconduct that the are not open to cross-examination.

## Closing

9. I still find it odd that I complained about a specific set of women in my immediate work environment and the means to terminate my employment was gathered from the statements of the very women I complained about.  Nonetheless, I am prepared to argue my termination, on the grounds listed as WRONGFUL.

10. The statements the Defendant has used to defame my character and slander my reputation have been comprised from this same particular set of women whom I accused of discrimination, workplace violence and gender bias.

11. If the Defendant in this case (Methodist Health Systems) is UNABLE to argue a convincing case regarding the legitimacy of their Termination Letter, **I still am open to and encourage the company to settle this matter,** sooner rather than later.  If the Defendant seeks to bring my character into question, without showing any documented offenses, I will have no choice but to seek damages for Slander and Defamation.

Respectfully submitted,

April 13th 2023

By: \_\_\_\_\_/s/ Willie HavMmeri_____

Willie Lee HavMmeri, self-represented "Pro se"
godcolored@gmail.com
(214) 600-6207