# 4 Elements of Claims requiring Relief
U.S. District Court
Northern District of Texas (Dallas)

Willie Lee HavMmeri,
Plaintiff
vs.
Methodist Health Systems,
Defendant

Case No. 3:22-cv-00594-E-BT

Assigned Judge:  Ada Brown
Magistrate Judge:  Rebecca Rutherford
Defendant's Legal Team:  Ogletree Deakins Nash Smoak & Stewart PC
(Employment Law Firm – Dallas, Texas)
Cause: 42:1983 Civil Rights (Employment Discrimination)
Nature of Suit: 442 Civil Rights: Employment
Date Filed: 03/14/2022
Today's Date: 05/06/2023

## Overview

Before the Court is the case of Willie Lee HavMmeri (Plaintiff) vs Methodist Health Systems (Defendant) as it relates to Wrongful Termination, Due to Retaliation and Gender Discrimination.  Below I shall detail my understanding of the Four Elements of a Claim, by which Relief may be granted.  I believe that I am able to prove these four elements of a claim with each of my Four Claims (Listed in Doc. 65).

[Summary of Claims are in green font]

## Four Elements of a Claim
   a. Duty of Care – Defendant's responsibility to protect Plaintiff from harm.
   b. Breach of Care – Defendant's failure to protect Plaintiff
   c. Causation – What was the result of this failure to protect Plaintiff
   d. Damages – What does the Plaintiff demand as compensation for pain/suffering/mental anguish/loss

Claim One:  Wrongful Termination for the Narrative regarding Manipulation of Financial Documents.

Claim Two:  Wrongful Termination, due to Retaliation

Claim Three:  Wrongful Termination, due to Gender Discrimination

Claim Four:  Wrongful Termination, resulting in loss of full-time employment

Claim 1:  Wrongful Termination for the Narrative regarding Manipulation of Financial Documents.

### 1a. Duty of Care

Methodist Health Systems (Defendant), cited "Manipulation of Financial Documents" as the "Immediate Terminable Offenses" listed on the Termination Letter.  (Amended Complaint – Doc. 24).  While I agree that manipulating financial documents is, in fact, an immediate terminable offense as outlined in Company Policy (Doc. 24), the Defendant first had the Duty of Care to inform me that I was being investigated for said offenses and allow me to give evidence to the contrary, for consideration.  This did not occur.  Furthermore, the Defendant did not follow it's own policy, which outlines "Suspension, Pending Investigation & Review" (Doc. 24).

### 1b. Breach of Care

By not affording me the opportunity to defend myself before the termination letter was written and delivered to me to acknowledge on April 10th 2020, the Defendant was in Breach of their Duty of Care in such matters of establishing an immediate terminable offense.

### 1c. Causation

The Defendant's Breach of their Duty of Care owed to me as an employee resulted in me being informed I was being fired, on the day I was fired.  The defendant made no effort to ensure I was aware of immediate terminable offenses before the termination date.

### 1d. Damages

By the Defendant terminating my employment for manipulating financial documents, it has rendered me unemployable in my field of expertise.  This has caused me much suffering to which I have asked for damages, outlined in Document 65 of this case.

Claim 2: Wrongful Termination, due to Retaliation

### 2a. Duty of Care

The Defendant failed to consider my Formal Complaint regarding Working Environment, delivered to my immediate supervisor on March 17th 2020, via email.  While I adhered to the Defendant's "Chain of Command" Policy (Doc. 24), this policy did not protect me from retaliatory measures by my immediate supervisor.

### 2b. Breach of Care

Rather than the Defendant acknowledging the unfortunate breakdown within protocol as a result of me submitting a complaint in good faith to my immediate supervisor which implicated the immediate supervisor, the Defendant has decided to ignore the subject matter of my formal complaint and dismiss it in it's entirety as "a co-worker being a little rude".  (Doc 33).

### 2c. Causation

Failing to consider my Formal Complaint before terminating employment 24 days later, resulted in a Breach of Care, to which I as an employee of the Defendant was entitled to.  State Laws have been cited that state it is against the law for an employer to terminate the employment of an employee prior to 60 days after a complaint made in good faith (Doc. 24).  Despite the evidence to the contrary, the Defendant has maintained in numerous statements delivered to the EEOC, TWC and US District Courts that there was no retaliation regarding my termination for the narrative of manipulating financial documents.  This retaliation led to my termination of employment which was outlined in Claim One.

### 2d. Damages

By failing to consider my Formal Complaint delivered on March 17th 2020, the Defendant allowed me to be removed from the workplace, before my complaint was address in accordance with their Company Policy, which outlines how I am to be protected during the process (Doc. 24).  This has caused me much suffering to which I have asked for damages, outlined in Document 65 of this case.

Claim 3:  Wrongful Termination, due to Gender Discrimination

### 3a. Duty of Care

Laws are in place to insure that employees are not discriminated against based on gender, amongst other characteristics.  It is the Responsibility/ Duty of Care of the Defendant to see to it that Departments and staff are aware of this fact.  I believe the Defendant, in it's Company Policy, did an adequate job of outlining this fact.

### 3b. Breach of Care

While the Defendant's Company Policy does in fact outline Discrimination based on Gender as illegal, the Defendant did nothing to provide me with the means of having such a claim, whether deemed outlandish or otherwise, investigated objectively and fairly.  For example, the Defendant's Policy outlines the employee who makes such a claim is to fill out an Incident Report, complete with the employee's grievances listed and signature.  This did not occur.  There has still not been a request for such an Incident Report and the position of the Defendant is that my claims related to the consequences of workplace violence based on gender, preferential treatment based on gender and hourly allotment based on gender were non-existent.

### 3c. Causation

The Defendant's failure or Breach of Care with regard to allowing me to voice my concerns for investigating Gender Discrimination through the Company's Policy (Incident Report) allowed my immediate supervisor the discretion to orchestrate my removal from the work environment with the help of Human Resources.

### 3d. Damages

By failing to adhere to their own Company Policy regarding Incident Reports, the Defendant allowed for my removal from the work environment based on a narrative of manipulating financial documents, as a retaliatory measure.  My formal complaint detailing Gender Discrimination, delivered in good faith to the Defendant was never addressed.  The Defendant's only position on the subject delivered to the Court to date is "a co-worker was a little rude to the Plaintiff".  I find such a position as insulting as it is dismissive.  This has caused me much suffering to which I have asked for damages, outlined in Document 65 of this case.

Claim 4: Wrongful Termination, resulting in loss of full-time employment

### 4a. Duty of Care

The Defendant had a Duty of Care to see to it that I was investigated properly.  The Defendant had a Duty of Care to ensure the Company was not liable for retaliation by confirming I had no active complaints against the company on record *within* 60 days of the termination.  The Defendant had a Duty of Care to conclude an investigation into Gender Discrimination in the Cardiology Department prior to opening an investigation into me as an employee, with the potential to be terminated.

### 4b. Breach of Care

The Breaches of Care outlined in Claims One, Two and Three each would be suitable to establish a Breach of Care with regard to this Claim four.

### 4c. Causation

Wrongful Termination because of claims One, Two and Three caused this Fourth Claim.  Were it not for the Breaches of Care listed in Claims One, Two and Three I would still enjoy full-time employment and the benefits associated with such.  Should any one claim mentioned above be proven true in a court of law, this Claim Four serves as an unfortunate byproduct.  Had I never complained to the Defendant on March 17th 2020, I would not have been investigated on March 29th of 2020 and ultimately fired on April 10th of 2020.

### 4d. Damages

This has caused me much suffering to which I have asked for damages, in the form of back wages and continued pay, amongst other full-time employee benefits, as outlined in Document 65 of this case.

### Civil Concession for the sake of the Defendant

I, Willie Lee HavMmeri (Plaintiff), would like to acknowledge that any and all Miscellaneous Relief Requested, Ordered and Paid by the Defendant shall be subtracted/deducted from the Damages section of Claim Four (4), as outlined in Document 65 of this case. This is a gesture of goodwill to the Company, to which I had the pleasure of working for 6 years with the hopes that all parties can end this matter amicably.

I would like to remind the Court, again, that according to the Texas Health and Safety Code – Section 161.134:

(a)  **A hospital, mental health facility, or treatment facility may** not suspend or **terminate** the employment of or discipline **or otherwise discriminate against** an employee for **reporting to the employee's supervisor**, an administrator of the facility, a state regulatory agency, or a law enforcement agency a violation of law, including a violation of this chapter, a rule adopted under this chapter**, or a rule of another agency**.

(b)  A hospital, mental health facility, or treatment facility that violates Subsection (a) **is liable** to the person discriminated against.   A person who has been discriminated against in violation of Subsection (a) **may sue for injunctive relief**, damages, or both.

(f)  A plaintiff suing under this section **has the burden of proof, except** that it is a rebuttable presumption that the plaintiff's employment was suspended or terminated, or that the employee was disciplined or discriminated against, for making a report related to a violation if the suspension, termination, discipline, or discrimination occurs **before the 60th day after the date on which the plaintiff made a report in good faith.**

(h)  A person who alleges a violation of Subsection (a) must sue under this section before the 180th day after the date the alleged violation occurred **or** was discovered by the employee through the use of **reasonable diligence**.

I implore the court to consider any and all Miscellaneous Relief as **Injunctive**, by the standards laid out in the Texas Health and Safety Code – Section 161.134

I declare that my actions were protected under Title VII of the Civil Rights Act of 1964 and that the actions of the Defendant were in direct violation of said Law, amongst others listed in the Amended Complaint (Doc. 24).

## Conclusion

**My termination was WRONGFUL.  It was RETALIATION for questioning an unfair bias, due to GENDER.**

**I am more than a name in the PLAINTIFF section of documents.**

Please consider any and all request for Miscellaneous Relief as an INJUNCTION (Document 63).

Respectfully submitted,

May 6th, 2023

By: _____/s/ Willie HavMmeri_____

Willie Lee HavMmeri, self-represented "Pro se"
godcolored@gmail.com
(214) 600-6207