# What is Relief?
### Do Not Silence My Efforts for seeking Justice

## U.S. District Court
## Northern District of Texas (Dallas)

Willie Lee HavMmeri,
Plaintiff
vs.
Methodist Health Systems,
Defendant

Case No. 3:22-cv-00594-E-BT

Assigned Judge:  Ada Brown
Magistrate Judge:  Rebecca Rutherford
Defendant's Legal Team:  Ogletree Deakins Nash Smoak & Stewart PC
(Employment Law Firm – Dallas, Texas)
Cause: 42:1983 Civil Rights (Employment Discrimination)
Nature of Suit: 442 Civil Rights: Employment
Date Filed: 03/14/2022
Today's Date: 05/09/2023

**"To the extent Plaintiff seeks other relief from the Court, he must file a written motion on the docket."
 – Magistrate Judge Rutherford**

**The Defendant now wishes for me to be silenced during these proceedings.  The Defendant provided NO OBJECTIONS to \*1st ever\* Motion for Miscellaneous Relief/Injunction Request (doc. 68)**

Overview

I find myself, as the Plaintiff, a bit confused as to what I can ask for in the form of "Relief" that the Court can provide.  If I ask for a legal representative to handle these matters, I am DENIED (docs 8, 15, 54).  If I ask to set aside backpay and wages so that I can at least survive while these matters are settled, I am DENIED (no Order, just ignored).  If I request a Settlement meeting, I am DENIED (doc. 18).  If I demand a Summary Judgement while this case moves forward, arguing that the Defendant can not prove any elements of my termination being lawful, I am DENIED as premature (doc. 55).  If I demand a motion to Continue, I am DENIED (doc 56).

With that said, even asking "Well... what can I ask in Relief?" would be asking for legal advice so I'm a bit lost on what to do with the Defendant's response to my Motion for Miscellaneous/Injunctive Relief. (doc. 68)

<span style="color:blue">The Defense team is annoyed.  Suggest that the Court may be annoyed as well.</span>
To this I say, "So what."   I am annoyed as well.  The Defendant's Motion to Dismiss (doc. 33) seems to be nothing more than a stalling tactic, from my vantage, and a rather successful one at that.  I had no idea simply by making silly claims for dismissal that one can have this deliberated for months, years, maybe

decades.  In the interim, I'm being asked to ignore my financial strains and patiently wait for a day in Court that, honestly may never come.

It is obvious, to me, that the Defendant wants this case dismissed without as much as a plea on the matter.  By arguing that I'm troubling the Court with my submission of documents (doc. 68), The Defendant is ignoring the fact that I have reached out repeatedly over the years regarding settling the matter, peacefully and with discretion.

In our last private exchange on the matter of discussing settlement, February 9th through 11th of 2023, I expressed to the Defendant that I very much wanted to meet and discuss options to end these proceedings before it progresses further.  The Defendant's legal team replied that the client was uninterested.

What more am I to do?  I believe my case to be very much winnable because the evidence is on my side.  The only way I can lose this case is by DISMISSAL, which the Court should DENY.

Now, the Defendant is asking that I not follow the Court's Instructions when requesting Relief by Motion but that I also cease communication all together, until a decision is made regarding the Motion to Dismiss.  This is an attempt to muzzle my voice while currently withholding the very email exchanges that completely exonerate me.  This request by the Defendant would effectively serve to muzzle my voice while I have no Scheduling Order in sight nor a timetable to when a decision will be made.

 If the Defendant really wanted the Case to be Dismissed, why not plead "Innocent" and bring forth their evidence.

If the Defendant really wanted this Case to cease inconveniencing them, why not meet with me to discuss settling the matter quietly?

If the Defendant was really concerned about the Court being inconvenienced by my wave upon wave of filings seeking relief, why not ask for a timetable on a decision on their Motion (doc. 33), since I lack the legal understanding and verbiage to properly articulate the fact that I'm ready for a trial immediately.

And if the Court is equally as annoyed/inconvenienced by my submission of documents, please give a relative timetable for an expectation to move forward.

If the Court is to grant the Defendants request that I not communicate without a Motion of Leave, please explain why I am being held to a standard regarding following the Judge's Instructions (FRCP Rule 41(b)) and the Defendant is not (doc. 69).

## Conclusion

During the course of these proceedings, I've stressed repeatedly, **ON THE RECORD**, that I have no income, mounting debt and financial obligations that will eventually land me in jail.  This Relief request is sound and valid.  My injuries due to my Wrongful Termination are imminent and irreparable.

I have been consistent that I wish to settle this matter and end this chapter of my life.  The Defendant wishes to see this case dismissed or drawn out indefinitely until I lose the Will to fight.  Now, the Defendant is asking the Court that I not be allowed to communicate further because they are being inconvenienced.

I literally paid all the money I had to be granted access to the ECF system again and now the Defense wants me silenced.

I am armed with the truth and both the Defendant and myself know that Discovery/Disclosure completely proves my case.

I still have never had it explained to me how the Defendant miraculously decided to participate in these proceedings the day after I received a Default Judgement (15).

Damages should this Motion for Miscellaneous Relief (Injunctive) be denied are **PROBABLE, IMMINENT & IRREPAIRABLE** in the interim.

**My termination was WRONGFUL.  It was RETALIATION for questioning an unfair bias, due to GENDER.**

**I am more than a name in the PLAINTIFF section of documents.**

Respectfully submitted,

May 5th, 2023

By: _____/s/ Willie HavMmeri_____

Willie Lee HavMmeri, self-represented "Pro se"
godcolored@gmail.com
(214) 600-6207