Willie Lee HavMmeri, Plaintiff
vs.
Methodist Health Systems, Defendant

# Request for Meeting with: Judge Ada Brown

Willie Lee HavMmeri, Plaintiff
vs.
Methodist Health Systems, Defendant

Case No. 3:22-cv-00594-E-BT

U.S. District Court Northern District of Texas (Dallas)

Assigned Judge: Ada Brown
Magistrate Judge: Rebecca Rutherford
Defendant's Legal Team: Ogletree Deakins Nash Smoak & Stewart PC
(Employment Law Firm – Dallas, Texas)
Cause: 42:1983 Civil Rights (Employment Discrimination)
Nature of Suit: 442 Civil Rights: Employment
Date Filed: 03/14/2022

Today's Date:  June 20, 2023

Greetings Judge Ada Brown

I apologize in advance for this meeting request, as my initial attempt to meet with the Magistrate Judge has been rejected months earlier and I have YET to look in the eyes of an actual human in these decision making positions, in over 3 years.

I am disappointed to have received the Magistrate Judge's decision to GRANT Motion to Dismiss (after 7 months of deliberation on the Magistrate's behalf) on the Friday evening before Father's Day and the Juneteenth Holiday weekend.

I hope the fathers in your life had a great weekend.

I hope the African Americans you know were able to celebrate the weekend as well.

## Overview of Magistrate's Decision
I find that the Magistrate Judge, Rebecca Rutherford did an exceptional job in reviewing the case and laying out the general theme, in as favorable a stance as the Defendant could have asked for.

Case No. 3:22-cv-00594-E-BT

U.S. District Court Northern District of Texas (Dallas)

Willie Lee HavMmeri, Plaintiff
vs.
Methodist Health Systems, Defendant

I wish for her to know that I appreciate her giving the summation of her understanding of events, her overview was well received and I have no complaints with regards to the thorough legal breakdown she delivered.  Her recommendation, delivered on June 16th 2023, was 27 pages.  With her legal expertise it took the Magistrate over 7 months while my 24 page Amended Complaint was delivered with a 21 day deadline for completion.

Nonetheless, my issues are more so with her findings, length of time taken to deliver her response and ignoring of critical, crucial material that has yet to be recorded on the docket.

As it has taken our Magistrate Judge, with all her amassed knowledge and dearth of experience in employment law, over 7 months to formulate an appropriate response, please be mindful that I have only been allowed 14 days to save the Court Case of my life.  Please also keep in mind that I am not a legal professional, as I have stated repeatedly over the course of the past 16 months.  Again, for the record, I was a healthcare professional.  Was.

After granting the Defendant's Motion for a More Definite Statement to be delivered as an Amended Complaint, I was only given 21 days to comply with and articulate a legally compelling argument.  Had the Magistrate Judge afforded me the same length of time that was taken to deliberate on the Defendant's Motion to Dismiss, I'm sure I would have delivered a more serviceable document as an Amended Complaint.

On the 27th page of the much anticipated document that it took 7 months for our Magistrate Judge to deliver ("Recommendation to GRANT" Motion to Dismiss, delivered June 16th 2023), it mentioned that I have 14 total days to develop an appropriate response.  I am thankful for those 14 days and wish to use them wisely.

I request a meeting with my Judge (The Honorable Judge Ada Brown) to understand my options.  I wish to state I do not seek legal advice of any sort.  If nothing else, I would love to shake the hand of a *LIVE, BREATHING HUMAN BEING* before my fate is determined.  Furthermore, I wish to stress I would like my day in court to prove my case.

With regards to my case, over the course of One Calendar Year, I have gone from a "Default Judgement" to "Case Dismissal".  This has not been properly explained to me, despite my questions posed on the docket.

1. Pending evidence ignored

In her recommendation to GRANT the Motion to Dismiss, Magistrate Judge Rutherford mentioned that I should not be allowed to amend my complaint further while IGNORING my documented plea on the docket to deliver further evidence in audio form, as transcribed and documented in depositions *UNDER OATH* to the Texas Worforce Commission.  I asked in

Case No. 3:22-cv-00594-E-BT

U.S. District Court Northern District of Texas (Dallas)

Case 3:22-cv-00594-E-BT   Document 75   Filed 06/20/23   Page 3 of 5   PageID 324

Willie Lee HavMmeri, Plaintiff
vs.
Methodist Health Systems, Defendant

what manner would I be able to deliver such evidence to further my claims and this was never answered, rejected, acknowledged nor addressed.  I would argue, without the ability to further assert my claim, the Magistrate Judge was in ERROR when speaking, factually, on the nature and position of my claims.

It is true that I assert that I was fired WRONGFULLY as RETALIATION while seeking to have GENDER DISCRIMINATION investigated.  Yet, for the Magistrate Judge to state unequivocally that I would have no such claims *ALL WHILE* ignoring further evidence seems, disingenuous at best.

I seek to move towards trial.

2. Please point to a Financial Document that I have Manipulated

Furthermore, the Magistrate never addressed the fact that the Defendant (Methodist) has yet to produce one document that supports their position that I MANIPULATED A FINANCIAL DOCUMENT.  Not one document.  This is what I was wrongfully terminated for.  Regardless of the claims for retaliation and gender discrimination, please, can someone point to a document that I manipulated and when I was made aware of such terminable offenses.  The Magistrate also failed to address the fact that I was never suspended in lieu of investigation, as the Defendant's Company Policy states.   I claimed to have been terminated WRONGFULLY, the Defendant has yet to show any evidence that they were justified in such actions.

I seek to move towards trial.

3. 180 days from when exactly?

While the Magistrate Judge did acknowledge (and reject) my objection to the Defendant's claim that I missed the 180 deadline to file by officially filing on the 181st day, she may have overlooked the fact that this 180 days is based off the time it would take a REASONABLE person to discover.

I discovered this *180th day deadline* MONTHS after termination and not on the day I was terminated.  I would like to note that I also cited a FRCP that states that if the Office of the Clerk is closed on the 180th day, the litigant would have the next available business day to file.  In my case, the Magistrate Judge did not acknowledge that we were being governed during a pandemic at the time, as my objection stated.  All government, state and local facilities were closed at the time.

I seek to move towards trial.

Case 3:22-cv-00594-E-BT   Document 75   Filed 06/20/23   Page 4 of 5   PageID 325

Willie Lee HavMmeri, Plaintiff
vs.
Methodist Health Systems, Defendant

### 4. The Defendant had a responsibility to meet with me, record my grievance and inform the proper agencies.

By this 180 day logic, what would be the Company's (Defendant, Methodist) duty in reporting my adverse positions regarding Gender Discrimination, Retaliation and Wrongful Termination? I reported to the Company President, Vice President, CEO, CFO and others (via email) my claims of Gender Discrimination, Wrongful Termination and Retaliation well before the 180th day termination date deadline.  Did any of these Administrative Professionals have any DUTY to report these claims?  I have yet been given the opportunity to deliver my incident report to the Company, as I was fired before meeting with my requested parties.

### 5. How did Methodist (the Defendant) find out about my Default Judgement?

Document 15 on the Docket clearly shows I received a Default Judgement and the case should have been over.  Document 16 (the very next day) demonstrates awareness by the Defendant. How was this possible?  Surely this can be explained to me.

Furthermore, Methodist (the Defendant) feigned ignorance to my then 2 year old claim when asking for a More Definite Statement, THEN turned around and presented as their only contribution to the evidence in this case, my initial claim to the EEOC, to which we had recently concluded in the months prior.  In that EEOC Claim, I asked that my claims be filed with all the state, federal and local agencies.

### 6. The Right to Revise/Amend my Incomplete Claim

Due to the fact that I still had additional evidence to deliver which was ignored on the docket, I should have the right to amend my claim further, if nothing else.  The Magistrate has informed me several times that she can not give legal advice but her recommendation for dismissal has aided me greatly in being able to formulate a more comprehensive claim.  I thank her dearly.

**For the reasons listed, I seek to move towards trial.**

Because I have seen my case move from Default Judgement to Dismissed in the manner of a year.
Because I have begged and been denied a lawyer 3 times by the Magistrate Judge.
Because I can show (via the docket) that every ACTIONABLE DECISION has benefited the Defendant and my last beneficial ACTION came before the Defendant decided to participate (Default Judgement).
Because audio evidence that is to be submitted HAS BEEN IGNORED, (which can be seen as a means of delivery method requested on the docket).
Because the Magistrate Judge has put 14 day stipulations on my responses while giving herself over a half year to articulate her proper thoughts.

Willie Lee HavMmeri, Plaintiff
vs.
Methodist Health Systems, Defendant

I seek to move towards trial.

## Conclusion

Over the course of the 14 days (as instructed), I shall deliver my response(s) to this GRANTING of DISMISSAL.

In the interim, I seek an audience with my Judge, the Honorable Ada Brown.

Please inform me (and the Defendant, if necessary) of the appropriate date and time.

I would like to stress, I have been patiently seeking my day in court for over 3 years.  As a working man, I'm told that the Judicial System is where people like me are supposed to go to seek justice.

I still hold faith in the judicial process and the Dallas County U.S. District Court's ability to see Justice administered.

In my meeting, maybe the Honorable Judge Ada Brown can enlighten me as to how many "pro se" litigants make it passed dismissal when Rebecca Rutherford is deliberating.

As I have been given 14 days (by law) to deliver a response to this recommendation to GRANT the Motion to Dismiss, I ask the Honorable Judge Ada Brown to please deliver me an answer on my requested meeting within 7 days, so that I can use my remaining 3 days afterwards to produce some sort of legal argument comparable and as legally sound as the arguments presented by our Magistrate, which took 7 months of patient anticipation.

I look forward to hearing from you and pray that justice prevails.

Thank you for your patience with me in regards to my limited legal knowledge and experience with addressing the Court.

Respectfully submitted,

By: _____/s/ Willie HavMmeri_____

Willie Lee HavMmeri, self-represented "Pro se" godcolored@gmail.com (214) 600-6207

Case No. 3:22-cv-00594-E-BT

U.S. District Court Northern District of Texas (Dallas)